**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

ALENDA STEPHENS, Individually *
7190 Chapman Drive
Camp Lejeune, N.C. 28547 *

and *

JOEL CURTIS STEPHENS *
7190 Chapman Drive
Camp Lejeune, N.C. 28547 *

*Plaintiffs* *

v. * CASE NO.:________________

JOSEPH A. HALPERN, M.D. *
2001 Medical Parkway
Annapolis, MD 21401 *

and *

DONALD KLEIN, P.A. *
2001 Medical Parkway
Annapolis, MD 21401 *

and *

DOCTOR'S EMERGENCY SERVICES, P.A. *
2001 Medical Parkway
Annapolis, MD 21401 *

**Serve On:** **Resident Agent** *
James S. Jacobs, Esquire
One South St., Ste. 2100 *
Baltimore, MD 21202

and *

ERIC RITTER, M.D. *
2001 Medical Parkway
Annapolis, MD 21401 *

and *

ANNE ARUNDEL MEDICAL CENTER, INC. *
d/b/a ANNE ARUNDEL MEDICAL CENTER
2001 Medical Parkway *
Annapolis, MD 21401
*
**Serve On: Resident Agent**
The Corporation Trust Inc *
351 West Camden Street
Baltimore, MD 21201 *

*Defendants* *

* * * * * * * * * * * * *

**COMPLAINT AND ELECTION FOR JURY TRIAL**

Plaintiffs, Alenda Stephens and Joel Stephens, by and through their attorneys, Julia R. Arfaa, Esquire, Jonathan A. Cusson, Esquire, and Julia Arfaa, P.A. d/b/a The Arfaa Law Group, hereby sues the Defendants, Joseph A. Halpern, M.D., Donald Klein, P.A., Eric Ritter, M.D., Doctor's Emergency Services, P.A., and the Anne Arundel Medical Center, Inc., d/b/a Anne Arundel Medical Center ("AAMC"), and for reasons states as follow:

**COUNT I**

1. The amount of this claim exceeds $30,000.00.

2. The venue for this claim is proper in the United States District Court for the District of Maryland.

3. At all relevant times, the Defendant, Joseph A. Halpern, M.D., held himself out to the Plaintiffs and to the general public as an experienced, competent, and able emergency room physician, possessing or providing that degree of skill and knowledge which is ordinarily possessed by those who devote special study and attention to the practice of emergency medicine, and, as such, owed a duty to the Plaintiffs to render that degree of care and treatment which is

ordinarily rendered by those who devote special study and attention to the practice of emergency medicine.

4. At all relevant times, the Defendant, Donald Klein, P.A., held himself out to the Plaintiffs and to the general public as an experienced, competent, and able physicians' assistant, possessing or providing that degree of skill and knowledge which is ordinarily possessed by those who devote special study and attention to the practice of emergency medicine, and, as such, owed a duty to the Plaintiffs to render that degree of care and treatment which is ordinarily rendered by those who devote special study and attention to the practice of emergency medicine.

5. At all relevant times, the Defendant, Eric Ritter, M.D. held himself out to the Plaintiffs and to the general public as an experienced, competent, and able internal medicine physician, possessing or providing that degree of skill and knowledge which is ordinarily possessed by those who devote special study and attention to the practice of internal medicine, and, as such, owed a duty to the Plaintiffs to render that degree of care and treatment which is ordinarily rendered by those who devote special study and addition to the practice of emergency medicine.

6. At all relevant times, the Defendant, Anne Arundel Medical Center, Inc. d/b/a the Anne Arundel Medical Center, ("AAMC"), was and is a medical facility offering administrative, medical, surgical, emergency, nursing, consultative, allergy, and other related services to the general public and in such capacity, such institution, its agents, servants and/or employees, administrators, medical staff, surgeons, emergency room physicians, and consultants held themselves out as practicing ordinary standards of administrative, medical, surgical, emergency, allergy, and consultative care and, as such, owed a duty to the Plaintiff to render and provide health care within the ordinary standards of administrative, medical, surgical, emergency, allergy, and

consultative care, and to exercise reasonable skill and care in the selection of its personnel to provide competent administrators, physicians, surgeons, emergency medicine physicians, and consultants, and other administrative and medical personnel, possessing that degree of skill and knowledge which is ordinarily possessed by those who devote special study and attention to the practice of medicine, surgery, emergency surgery, allergy, and consultative care, and to supervise and provide its patients with diagnostic, medical, administrative and consultative services and treatment commensurate with the condition from which the patient suffers and for which patient entered said institution.

7. At all times hereinafter set forth, the Defendant, Joseph Halpern, M.D. was an agent, apparent agent, servant, or employee of the Defendants, AAMC, and Doctor's Emergency Services, P.A.

8. At all times hereinafter set forth, the Defendant, Donald Klein, P.A. was an agent, apparent agent, servant, or employee of the Defendants, AAMC, and Doctor's Emergency Services, P.A.

9. At all times hereinafter set forth, the Defendant, Eric Ritter, M.D. was an agent, apparent agent, servant, or employee of the Defendant, AAMC.

10. On December 21, 2014 at 8:16 pm, twenty-eight (28) year old Alenda Stephens presented to the BWMC emergency room with complaints of itchiness in her throat and a feeling that her throat was closing.

11. ED encounter information and a "chief complaint" / "multiple medical complaints" was noted to be fever, cough, eye pain, and facial swelling apparently related to receiving a Zpack the day before. Ms. Stephens was noted to be anxious and still vomiting after receiving Zofran. Ms. Stephens did not appear to have an allergic reaction at the time. She was diagnosed and

discharged at 2:30 am on December 22, 2014 with a diagnosis of febrile illness, sinusitis, and vomiting.

12. Ms. Stephens next went to AAMC on December 22, 2014. She was examined by Dr. Halpern at 3:30 pm and PA Klein just prior to that time. Ms. Stephens was noted to have facial swelling, a diffuse erythematous rash on her extremities, back, chest, and face, hives, and difficulty swallowing. Her rash was sloughing on parts of her body. She could not eat or drink and appeared distressed. Dr. Halpern noted that he "assumed care of pt from Don Klein and evaluated." He was arranging admission and "discussed with Dr. Ritter." P.A. Klein and Dr. Halpern were aware that Ms. Stephens had received antibiotic therapy from an outside clinic as well at Baltimore Washington Medical Center. Dr. Halpern's impression at the time was "drug reaction."

13. Contrary to the standard of care, P.A. Klein and Dr. Halpern did not place Stevens-Johnsons Syndrome on the top of their differential diagnosis. Accordingly, and contrary to the standards of care, Dr. Halpern did not begin appropriate supportive therapy, place Ms. Stephens on IV steroids, aggressively administer topical steroids to her eyes, aggressively administer hydration to her eyes via eye drops, call an ophthalmologist for a consult, call an intensivist for a consult, or arrange immediate transfer to a burn center.

14. P.A. Klein assessed Plaintiff at approximately 3:43 pm.

15. Plaintiff was noted to have a macular popular rash all over her face, chest and back as well as uticaria.

16. Dr. Eric Ritter was contacted by Dr. Halpern at some point between 5:25 pm and 9:38 pm. Dr. Ritter noted the same findings as Dr. Halpern and P.A. Klein. Further, at this time, eyelid crusting and eye pain were noted. Dr. Ritter admitted Ms. Stephens at 9:38 pm. The plan was to give her solumedrol every six hours. Contrary to the standard of care, Dr. Ritter did not

place Stevens-Johnsons Syndrome on the top of his differential diagnosis. Further, contrary to the standard of care, Dr. Ritter did not begin appropriate supportive therapy, place Ms. Stephens on IV steroids, aggressively administer topical steroids to her eyes, aggressively administer hydration to her eyes via eye drops, call an ophthalmologist for a consult, or arrange immediate transfer to a burn center.

17. At 12:00 pm on the following day, Ms. Stephens' condition remained critical with no improvement. Because of his concern for Stevens-Johnsons Syndrome, Dr. Ritter transferred Ms. Stephens to Johns Hopkins Bayview Burn Unit. This transfer should have been accomplished immediately upon Plaintiff's presentation to AAMC, it certainly shouldn't have taken almost twenty-four hours. As a result of the negligence of the named Defendants and their agents and/or employees, Ms. Stephens experienced tremendous pain, hospitalization, loss of skin, scarring, has heart problems as well as respiratory problems, her skin is now discolored, and she is totally blind in both eyes. She can no longer work, care for her family or have a marital relationship with her husband.

18. Given Alenda Stephen's presentation to AAMC, her obvious and severe skin/ infectious / allergic reaction should have been diagnosed, treated, and her injuries could have been avoided. Any and all individuals caring for her at the time of the AAMC admission deviated from accepted standards of care.

19. All of the injuries and damages suffered by Mrs. Stephens as described above (and all of the consequences of these conditions) were the result of the negligence of the Defendants, AAMC, Joseph Halpern, M.D., Donald Klein, Doctor's Emergency Services, P.A. and Eric Ritter, M.D.

20. The Healthcare Provider Joseph Halpern, M.D. was negligent and careless in the following respects:

a. failed to perform an appropriate assessment on December 22, 2014;

b. failed to suspect Stevens-Johnsons Syndrome and treat with appropriate acuity Plaintiff's infection, severe skin reaction and dermatologic emergency on December 22, 2014;

c. failed to place Mrs. Stephens on appropriate antibiotics, IV steroids, topical eye steroids, eye hydration therapy (via eye drops) skin therapy, and medication therapy on December 22, 2014;

d. failed to timely order an immediate ophthalmology and intensivist consult on December 22, 2014;

e. failed to immediately transfer Plaintiff to a burn center on December 22, 2014;

f. failed to order any lab work on December 22, 2014 including but not limited to a CBC and any markers for inflammation;

g. failed to prevent all of Mrs. Stephens' injuries as described in paragraph 17 above; and

h. was otherwise negligent and careless.

21. The Healthcare Provider Don Klein, P.A. was negligent and careless in the following respects:

a. failed to perform an appropriate assessment on December 22, 2014;

b. failed to suspect Stevens-Johnsons Syndrome and treat with appropriate acuity Plaintiff's infection, severe skin reaction and dermatologic emergency on December 22, 2014;

c. failed to place Mrs. Stephens on appropriate antibiotics, IV steroids, and topical eye steroids, eye hydration therapy (via eye drops), skin therapy, and medication therapy on December 22, 2014;

d. failed to timely order an immediate ophthalmology and intensivist consult on December 22, 2014;

e. failed to immediately transfer Plaintiff to a burn center on December 22, 2014;

f. failed to order any lab work on December 22-23, 2014 including but not limited to a CBC and any markers for inflammation;

g. failed to prevent all of Mrs. Stephens' injuries as described in paragraph 17 above; and

h. was otherwise negligent and careless.

22. The Healthcare Provider Eric Ritter, M.D. was negligent and careless in the following respects:

a. failed to perform an appropriate assessment on December 22-23, 2014;

b. failed to suspect Stevens-Johnsons Syndrome and treat with appropriate acuity Plaintiff's infection, severe skin reaction and dermatologic emergency on December 22-23, 2014;

c. failed to place Mrs. Stephens on appropriate antibiotics, IV steroids, topical eye steroids, eye hydration therapy (via eye drops), skin therapy and medication therapy on December 22-23, 2014;

d. failed to timely order an immediate ophthalmology and critical care consult or transfer Plaintiff to a higher level of care on December 22-23, 2014; and

e. failed to prevent all of Mrs. Stephens' injuries as described in paragraph 17 above; and was otherwise negligent and careless.

23. The Healthcare Provider AAMC was negligent and careless in the following respects:

a. failed to perform an appropriate assessment on December 22-23, 2014;

b. failed to suspect Stevens-Johnsons Syndrome and treat with appropriate acuity Plaintiff's infection, severe skin reaction and dermatologic emergency on December 22-23, 2014;

c. failed to place Ms. Stephens on appropriate antibiotics, IV steroids, topical eye steroids, eye hydration therapy (via eye drops), skin therapy, and medication therapy on December 22-23, 2014;

d. failed to timely order an immediate ophthalmology and critical care consult or transfer Plaintiff to a higher level of care on December 22-23, 2014;

e. failed to order any lab work on December 22-23, 2014 including but not limited to a CBC and any markers for inflammation;

f. failed to properly assess the qualifications of, monitor, train and supervise its agents and employees; and

g. failed to prevent all of Ms. Stephens' injuries as described in paragraph 17 above; and was otherwise negligent and careless.

24. As a direct result of the negligence of AAMC, Joseph Halpern, M.D., Donald Klein, P.A., Eric Ritter, M.D., and Doctors Emergency Services, P.A. the Plaintiff, Alenda Stephens, was caused to suffer painful and permanent injuries to her body; were caused to sustain severe mental anguish and emotional pain and suffering; Alenda is unable to contribute to the maintenance of her home and care of her children; Alenda was caused to incur hospital and medical expenses; future medical expenses; future life care expenses; past and future lost wages; loss of their marital relationship; and Plaintiffs were caused to incur other financial losses and damage.

**WHEREFORE**, the Plaintiff, Alenda Stephens, claims damages in an amount exceeding thirty thousand dollars ($30,000), with all costs to be paid by the Defendants.

**COUNT II**
**(LOSS OF CONSORTIUM- JOEL CURTIS STEPHENS)**

25. The Plaintiff, Joel Stephens, incorporates by reference Paragraphs hereinabove as if fully set forth herein.

26. The Plaintiff, Joel Stephens, is the husband of Alenda Stephens.

27. As a direct and proximate result of the negligence of the above-named Defendants, the Plaintiff, Joel Stephens, has suffered and will continue to suffer mental anguish, emotional pain and suffering, grief, loss of society, companionship, comfort, protection, guidance, attention, care, advice, counsel, as well as pecuniary damages and loss of services, household services, benefits, and/or income.

**WHEREFORE**, the Plaintiff, Joel Stephens, claims damages in an amount exceeding thirty thousand dollars ($30,000), with all costs to be paid by the above-named Defendants.

Respectfully Submitted,

The ARFAA Law Group

Julia R. Arfaa
Jonathan A. Cusson
2002 Clipper Park Rd
Suite 300
Baltimore, MD 21211
(410) 889-1850

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

ALENDA STEPHENS, Individually *
7190 Chapman Drive
Camp Lejeune, N.C. 28547 *

and *

JOEL CURTIS STEPHENS *
7190 Chapman Drive
Camp Lejeune, N.C. 28547 *

*Plaintiffs* *

v. * CASE NO.:_______________

JOSEPH A. HALPERN, M.D. *
2001 Medical Parkway
Annapolis, MD 21401 *

and *

DONALD KLEIN, P.A. *
2001 Medical Parkway
Annapolis, MD 21401 *

and *

DOCTOR'S EMERGENCY SERVICES, P.A. *
2001 Medical Parkway
Annapolis, MD 21401 *

**Serve On:** **Resident Agent** *
James S. Jacobs, Esquire
One South St., Ste. 2100 *
Baltimore, MD 21202

and *

ERIC RITTER, M.D. *
2001 Medical Parkway
Annapolis, MD 21401 *

and *

ANNE ARUNDEL MEDICAL CENTER, INC. *
d/b/a ANNE ARUNDEL MEDICAL CENTER
2001 Medical Parkway *
Annapolis, MD 21401
*
**Serve On: Resident Agent**
The Corporation Trust Inc *
351 West Camden Street
Baltimore, MD 21201 *

*Defendants* *

* * * * * * * * * * * * *

**ELECTION FOR JURY TRIAL**

The Plaintiffs, by and through their undersigned attorneys, respectfully requests a jury trial in this matter.

ARFAA LAW GROUP

Julia R. Arfaa
Jonathan A. Cusson
2002 Clipper Park Road, Ste. 300
Baltimore, MD 21211
410-889-1850

*Attorneys for Plaintiffs*