IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALENDA STEPHENS, et al. | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No.: 1:18-CV-00711-GLR |
| JOSEPH A. HALPERN, M.D., et al. | * | |
| Defendants | * | |

**CERTIFICATE OF MERITORIOUS DEFENSE**

I hereby certify and attest that I am a qualified expert and that I have reviewed the medical reports and other pertinent material in the above captioned matter. It is my opinion to a reasonable degree of medical probability and/ or certainty that the Defendants, Joseph A. Halpern, M.D., Donald Klein, P.A., and Doctors Emergency Service, P.A. ("DESPA"), (hereinafter "health care providers"), complied fully with the standards of care while caring for and treating Alenda Stephens. Moreover, it is my opinion that the allegations of negligence against the health care providers do not constitute a proximate cause of the injuries claimed in this matter.

I further certify that I have had clinical experience, provided consultation relating to clinical practice, and/or taught medicine in the field of Emergency Medicine or a related field of health care within five (5) years of the date of the alleged acts of omissions giving rise to the claim filed in this case.

I further certify that I am Board Certified by The American Board of

Emergency, and/or have taught medicine in that specialty or a related field of health care.

I do not devote annually more than 20 percent of my professional activities to activities that directly involve testimony in personal injury claims. I hereby attest to the above.

_____
Michael Van Rooyen, M.D.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| ALENDA STEPHENS, et al. | * | |
|---|---|---|
| *Plaintiffs* | * | |
| v. | * | Civil Action No.: 1:18-CV-00711-GLR |
| JOSEPH A. HALPERN, M.D., et al. | * | |
| *Defendants* | * | |

## REPORT OF MICHAEL VAN ROOYEN, M.D.

This case concerns the care and treatment rendered by Joseph A. Halpern, M.D., Donald Klein, P.A., and Doctors Emergency Service, P.A. ("DESPA"), (hereinafter "health care providers"), to Ms. Stephens. Accordingly, I have reviewed the medical records of the health care providers relative to that care. More specifically, I have focused on the care and treatment rendered by the health care providers on December 22, 2014. Based upon that review, I have concluded that the care and treatment rendered by the health care providers to Ms. Stephens complied with the standards of care. In addition, I also believe and will opine that the care and treatment rendered by the health care providers is not a proximate cause of the injuries claimed in this case.

To be specific, it is my opinion that the health care providers made an appropriate assessment of Ms. Stephens medical condition and then made the appropriate decision to have Ms. Stephens admitted to the hospital. In making these appropriate assessments in accordance with the standards of care, it is

my opinion that these health care providers provided an appropriate physical evaluation and took the appropriate history from Ms. Stephens. I will also opine that these health care providers ordered the appropriate diagnostic testing. With all of this information, these health care providers then correctly and within the standards of care had Ms. Stephens admitted to the hospital for a definitive work-up by the appropriate medical experts. In addition, based upon Ms. Stephens presenting signs and symptoms, it is my opinion that these health care providers' diagnosis of "Drug reaction" was appropriate. I do not believe and will opine that Ms. Stephens presenting signs and symptoms were not such that a diagnosis of Steven-Johnson's Syndrome was warranted. What was warranted within the standard of care was that Ms. Stephens be admitted to the hospital for further care and as these health care providers did so admit Ms. Stephens, they complied with the standards of care.

Based upon the above, then, it is my opinion that the health care providers did not breach any standards of care while treating Ms. Stephens. It is also my opinion that the care and treatment of the health care providers is not a proximate cause of the damages alleged as the health care providers complied with the standards of care.

The opinions set forth above are held by me to a reasonable degree of medical probability and/or certainty. These are my preliminary opinions at this time, and I reserve the right to expand upon them as discovery moves forward.

_____
Michael Van Rooyen, M.D.

WHARTON LEVIN EHRMANTRAUT & KLEIN, PA

/s/ David A. Roling
_____
David A. Roling     #04675
104 West Street
Annapolis, MD 21404-0551
(410) 263-5900


CERTIFICATE OF SERVICE

    I hereby certify that on this 24th day of July, 2018, a copy of the foregoing was e-filed and forwarded to:

Julia R. Arfaa, Esq.
Jonathan A. Cusson, Esq.
The Arfaa Law Group
2002 Clipper Park Rd., Suite 300
Baltimore, MD 21211
    Counsel for Plaintiff

Natalie Magdeburger, Esq.
Chantelle M. Custodio, Esq.
Pessin Katz Law, P.A.
901 Dulaney Valley Road, Suite 500
Towson, MD 21204
    Counsel for Dr. Ritter

Anne Arundel Medical Center, Inc.
c/o Resident Agent
The Corporation Trust, Inc.
351 West Camden Street
Baltimore, MD 21201


/s/ David A. Roling
_____
David A. Roling     #04675

1